# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| ALMONTA MONTEZ MOORE, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV616-164 |
| | ) | CR615-001 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

Guilty-plea convicted of two counts of use of a communication facility (mobile phone) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), Almonta Moore seeks 28 U.S.C. § 2255 relief. Doc. 347;[1] *see also* docs. 3 (indictment); 278 (plea agreement); 314 (judgment ordering 92 months' imprisonment). The Government opposes.

## I. BACKGROUND

Moore was indicted for conspiring to possess with intent to distribute and to distribute 500 grams or more of cocaine, and for two counts of use of a communication facility in furtherance of the conspiracy. Doc. 3. Upon the advice of counsel, movant pled guilty to

---

[1] The Court is citing to the criminal docket in CR615-001 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

both counts of use of a communication facility (mobile phone), which carried a maximum penalty of 48 months' confinement for each count. Doc. 278; *see also* Presentence Investigative Report (PSR) at ¶ 67.

In pleading guilty, Moore admitted that he knowingly and intentionally used a communication facility while committing or helping commit the crime of conspiracy to distribute a controlled substance. Doc. 278 (plea agreement); doc. 354 (Rule 11 plea hearing) at 10, 12-13, 19. He also waived his right to directly appeal or collaterally attack his conviction and sentence, excepting circumstances not relevant here. Doc. 278 at 4; doc. 354 at 16-18. The Court found movant's plea to be intelligently, knowingly, and voluntarily made, Moore affirmed it was so, and the Court accepted his guilty plea. *Id.* at 19-20.

At sentencing, counsel objected to PSR's description of the amount of cocaine at issue, Moore's role in the enterprise, and the recommendation to deny him a 3-level reduction for an acceptance of responsibility. Doc. 351 at 2-6. After argument and testimony by the Government's witness, the Court overruled the first two objections. The Court found that the evidence demonstrated both that Moore had purchased approximately 11 and a half ounces of powder cocaine and 5

ounces of crack cocaine over the course of 26 recorded phone calls, and that he was not a minimal participant (and thus not entitled to the four-level decrease set forth in U.S.S.G. 3B1.2). *Id.* at 10-21. The Court also found, however, that Moore was entitled to a 3-point reduction based on acceptance of responsibility -- his early entry of a guilty plea. *Id.* at 21. Because of his lengthy, "ambitious" criminal history, movant's total offense level was set at 23 with a criminal history category of VI, fetching an advisory guideline range of 92-115 months' imprisonment. *Id.* at 21-22; *see* PSR at ¶ 18, 28-40, 67-68.

Pursuant to the negotiated plea agreement, however, the maximum penalty and guideline range of punishment was *capped* at 96 months' incarceration. *See* doc. 351 at 22; *see id.* at 25 (reminding Moore that his "lawyer did a very good job in negotiating a plea for you that would cap your possible sentence at 96 months. Had she not done that, then just today you would be facing 150 months."). Based on counsel's argument that Moore would voluntarily commit to drug treatment while incarcerated and would have a strong support network upon release, militating against reoffending, the Court sentenced Moore at the low end of the guidelines: 92 months' imprisonment. *Id.* at 25-

26.

## II. ANALYSIS

Moore presents three grounds for relief: (1) counsel was deficient for failing to file a motion to suppress wiretap evidence, (2) the Court erred by failing to address his objection to the PSR's description of his role in the enterprise, and (3) counsel failed to bring his minimal role to the Court's attention at sentencing. Doc. 347.

Four sets of governing principles must be applied here. First, Moore "bears the burden of establishing the need for § 2255 relief, as well as that of showing the need for an evidentiary hearing." *Mikell v. United States*, 2011 WL 830095 at * 2 (S.D. Ga. Jan. 26, 2011); *see also Williams v. Allen*, 598 F.3d 778, 788 (11th Cir. 2010). He thus must demonstrate that any claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quotes and cite omitted).

Second, any claims not raised on direct appeal are procedurally defaulted, *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004),

though claims of ineffective assistance of counsel (IAC)[2] generally are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Third, "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Lalani v. United States*, 315 F. App'x 858, 860-61 (11th Cir. 2009).

And fourth, a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir.

---

[2] In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether counsel's assistance was ineffective. First, the movant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, he must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

5

2003). The bar applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Defendants who have entered an unconditional guilty plea, therefore, may challenge their pre-plea constitutional claims only by showing that the advice they received from counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267. This includes

> defects in the procedure by which the plea was received or circumstances which make the plea other than voluntary, knowing and intelligent. It also includes cases where the guilty plea was induced through threats, misrepresentations, or improper promises, such that the defendant cannot be said to have been fully apprised of the consequences of the guilty plea. . . .

*Mikell*, 2011 WL 830095 at *2 (cites and quotes omitted). Otherwise, all substantive claims that could have been raised before the plea, such as suppression-based claims, are waived. *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("By entering a knowing, voluntary, intelligent guilty plea on the advice of competent counsel, [petitioner]

has waived all nonjurisdictional complaints . . . [such as] claims regarding *Miranda* warnings, coerced confessions, perjury and illegal searches and seizures. . . ."); *Washington v. United States*, 2010 WL 3338867 at * 15 (S.D. Ala. Aug. 5, 2010) (collecting Eleventh Circuit cases denying habeas relief on suppression-based IAC claims and concluding that, "[b]ecause all of Washington's asserted claims of ineffective assistance of counsel relate to the suppression issue, the denial of which has been waived . . . they have been waived by petitioner's entry of a knowing and voluntary plea. . . .").

### A. Pre-Plea Claim

Moore, who pled guilty unconditionally, cites no legally recognizable involuntariness grounds (*e.g.*, that he was threatened or misled by his lawyer, the judge, etc.) that would undermine his guilty plea. Movant contends instead that counsel failed to move to suppress the evidence gained from wiretapping his co-conspirators' mobile phone, 26 conversations of which formed the basis of the charges against him. *See* doc. 347.

Of course, that simply ignores the fact that by "entering into the negotiated plea agreement, [movant] was telling his lawyer not to

7

conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case." *Glaubman v. United States*, 2009 WL 2970495 at * 20 (S.D. Fla. Sep.16, 2009); *see also Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case."). Accordingly, Moore cannot litigate any pre-plea, factual-innocence claim masquerading as an ineffective assistance of counsel (IAC) claim, since he gave up that right in return for the government's agreement to drop the remaining counts against him. *See Mikell*, 2011 WL 830095 at *3. At most he can attack his guilty plea by showing that the advice counsel gave him undermined "the voluntary and intelligent character of [his] plea." *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Movant has failed to do that. He swore under oath that no one, *including his attorney*, had made him any promises not contained in that agreement. Doc. 354 at 5 & 15. He also swore that he fully understood the rights he was giving up by entering a guilty plea and the possible sentence he faced, and that he was fully satisfied with counsel's

8

performance. *Id.* at 9-10. Though he may have harbored doubts about just how much the Government could actually prove against him, his solemn declarations before the Court carry a presumption of verity and rightly constitute a formidable barrier for him to overcome in these collateral proceedings. *Id.* at 10 (affirming he understood that the Government bore the burden of proof at trial and he would plead guilty, though he had the right to "go to trial just to see whether they had enough proof."); *see Blackledge*, 431 U.S. at 74; *Rasco v. United States*, 2014 WL 10754131 at * 1-2 (S.D. Ga. Sept. 3, 2014) (Rasco's guilty-plea transcript "negates [his] claim that counsel 'coerced' him and 'altered' the plea agreement that he signed."). Moore falls far short of overcoming that barrier. In fact, his only showing here is buyer's remorse: that he believes that if only counsel had worked harder, things would be different.

A "§ 2255 action is not designed to account for buyer's remorse. But that is all that is at issue here." *Falgout v. United States*, 2013 WL 3712336 at * 6 (N.D. Ala. July 12, 2013); *Nelson v. United States*, 2015 WL 4756975 at * 1 (S.D. Ga. Aug. 11, 2015) ("Nelson has wasted this Court's time with a 'buyer's remorse' filing. He chose to plead guilty

9

with full knowledge of the consequences. Now he must live with those consequences.").

## B. Plea Proceeding and Sentencing Claims

Sentencing-based claims, in contrast, face different standards because they are not "pre-plea." *See, e.g., Hudson v. United States*, 727 F. Supp. 2d. 1376, 1381 (S.D. Fla. 2010). Moore faults his counsel for failing to renew her objections to his "minimal role" in the conspiracy at sentencing, and argues the district court erred by failing to address his objection and grant a 4-level minimal role sentence reduction. Doc. 347 at 4-5. Movant's claim, however, is barred by the collateral attack waiver in his plea agreement, not cognizable on habeas review, and blatantly contradicted by the record.

Moore's plea agreement waived his right to both a direct appeal and a collateral attack of his conviction and sentence. *See* doc. 278 at 1-4; doc. 354 at 17-18 (affirming he understood the appellate rights he was waiving by entering a guilty plea). Movant's role reduction claim is barred by that waiver. *United States v. Cruz*, 300 F. App'x 686, 688 (11th Cir. 2008) (waiver covers claims of Sentencing Guidelines error); *Brown v. United States*, 256 F. App'x 258 (11th Cir. 2007) (waiver

10

covers sentencing errors). It is also not a constitutional or jurisdictional claim, or an error so fundamental as to constitute a "complete miscarriage of justice" cognizable on § 2255 review. *Spencer v. United States*, 773 F.3d 1132, 1140 (11th Cir. 2014) ("Any miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory.").

Finally, contrary to Moore's contention,[3] the record unambiguously demonstrates that at sentencing his lawyer *did* raise -- and the Court explicitly ruled upon -- Moore's objection to his role in the offense. Doc. 351 at 5, 9-21. The Court considered that argument, as well as the Government's evidence of Moore's role both in the overall conspiracy and in his own distribution network, before determining (based on the undisputed facts and evidence) that a 92-month sentence was appropriate. *Id.* at 19, 21; *see generally* U.S.S.G. § 3B1.2,

---

[3] Moore is reminded that those who lie to this Court are prosecuted. *Hendrix v. United States*, 2014 WL 4204927 at *1, n. 4 (S.D. Ga. Aug. 25, 2014). Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *United States v. Dickerson*, No. CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

comment. (n.3(A)) (minimal role reduction appropriate where a defendant played a "substantially less culpable role" than the average participant in the offense), *id.* at App. C, Amendment 794 (November 1, 2015) (providing further guidance on the mitigating role adjustment); *United States v. Rodriguez de Varon*, 175 F.3d 930, 939, 944 (11th Cir. 1999) (the court must consider the defendant's role in the relevant conduct for which he has been held accountable at sentencing; even if he is among the least culpable in a conspiracy, he is not automatically entitled to a minor role reduction). Counsel was not deficient for failing to beat a dead horse sufficient to movant's liking. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points").

More importantly, and as this Court has repeatedly reminded movant, counsel's performance resulted in a 92-month sentence -- at the low end of the sentencing guidelines and *decades* shy of the potential 40-year sentence he could have received if convicted on all counts in the indictment. *See* doc. 351 at 21-27; PSR at ¶ 69. Though he may not have appreciated fully counsel's effective advocacy at the time, Moore actually received the full benefit of counsel's expertise in getting a

bottom-end sentence. His claim that counsel was deficient is plainly without merit.

## C. CONCLUSION

Accordingly, Almonta Moore's § 2255 motion should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of

---

[4] Because his motion is entirely without merit and his contentions are unambiguously contradicted by the record, an evidentiary hearing is not warranted. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (a hearing is unnecessary "if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'"); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (same); *Lynn*, 365 F.3d at 1239 (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

13

service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __24th__ day of February, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA